SUMMARY ORDER
Defendant-Appellant Daniel Marino pled guilty for his involvement in a massive financial fraud to four counts of an indictment against him: conspiring to commit investment adviser fraud, mail fraud and wire fraud, in violation of 18 U.S.C. § 371, substantive investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. He was sentenced to 240 months imprisonment, three years of *524 supervised release and a mandatory $ 400 special assessment. He appeals from the judgment imposing this sentence asserting that the sentence is procedurally and substantively unreasonable. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
We review a district court’s sentence under a “ ‘deferential abuse-of-discretion standard.’ ” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quoting Gall v. United States, — U.S.-, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review has two components: procedural and substantive review. Id.
We first review whether the district court’s sentencing was procedurally proper. District courts have discretion to select an appropriate sentence, which is done by considering the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range. Id. at 187-88. The district court is required to conduct “its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense,” in order to reach “an informed and individualized judgment ... as to what is ‘sufficient, but not greater than necessary’ to fulfill the purposes of sentencing.” Id. at 189 (quoting 18 U.S.C. § 3553(a)). In explaining its sentence, the district court “must satisfy us that it has ‘considered the parties’ arguments’ and that it has a ‘reasoned basis for exercising [its] own legal decision making authority.’ ” Cavera, 550 F.3d at 193 (quoting Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (alteration in the original)).
In examining whether a sentence was substantively reasonable, we “take into account the totality of the circumstances, giving due deference to the sentencing judge’s exercise of discretion.” Id. at 190. “[W]e do not consider what weight we would ourselves have given a particular factor,” id. at 191, and, we “will not substitute our own judgment for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision ‘cannot be located within the range of permissible decisions.’ ” Id. at 189 (citations omitted; emphasis in original). Thus, we “patrol the boundaries of reasonableness, while heeding the Supreme Court’s renewed message that responsibility for sentencing is placed largely in the precincts of the district courts.” Id. at 191.
Under our deferential standard of review, the district court’s sentence was not procedurally or substantively unreasonable. The court properly followed the procedure for sentencing. It began with the Guidelines, which it properly did not treat as mandatory. It considered the section 3553(a) factors in some detail, and gave an explicit and reasonable analysis of the factors, and the reasons it chose Marino’s sentence. It explicitly considered his arguments pertaining to his personal difficulties, but did not find them sufficiently compelling to alter the sentence downward. It also explicitly considered the government’s motion for a reduction based on Marino’s substantial assistance to the government, finding that it warranted some but not all of the downward departure that Marino sought. While Marino argues that district court failed to consider, or erroneously considered, 18 U.S.C. § 3553(a)(6) by sentencing him to the same sentence as his co-conspirator, Samuel Israel, the court did not find Marino less culpable than Israel. Nor has Marino established that allegedly similarly situated CFO’s convicted of similar or more serious financial frauds were defendants with “similar records” found guilty of “similar conduct” such that we must be wary of “unwarrant *525 ed sentence disparities.” See id. § 3553(a)(6).
The district court eventually found that the bottom of the suggested Guidelines range, fifty years’ imprisonment, was excessive. It sentenced Marino to twenty years. In short, the district court has shown that it “has ‘considered the parties’ arguments’ and that it has a “reasoned basis for exercising [its] own legal decisionmaking authority,” Cavern, 550 F.3d at 193 (citation and internal quotation marks omitted) and the sentence was not procedurally unreasonable.
We pause to note that we might ourselves have given greater weight than apparently did the district court to Marino’s plight — his almost complete deafness and accompanying sense of loneliness, his lack of self-esteem, his bouts with cancer, his apparent fear of and deference to Israel— and his assistance to the government detailed in its “5K1 Letter” (noting his aid to the government in understanding the fraud, his immediate contrition and taking of responsibility upon discovery, and his contribution to the guilty pleas of his co-conspirators). But it is not for us to substitute our judgment for that of the district court, whose sentence was proeedurally and substantively proper.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.